E. BRYAN WILSON
Acting United States Attorney

JONAS M. WALKER
Assistant U.S. Attorney
SANJAY PATEL
Trial Attorney, Civil Rights Division
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov
sanjay.patel@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:20-cr-81-1-JMK |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| WILLIAM ALEXANDER, | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

**I.      REQUESTED SENTENCE**

| **Probation** | 3 years |
|---|---|
| **Restitution** | $19,000.00 |
| **Fine** | None |
| **Special Assessment** | $125.00 |

## II. FACTORS ENUMERATED BY CONGRESS IN 18 U.S.C. 3553(a)
### A. (a)(1): Offenses and offender

The defendant is a 50-year-old person[1] with no prior criminal charges nor convictions, but who does have a history of mental health issues requiring treatment.

On November 1, 2019, the Defendant was in Anchorage, Alaska, and under the influence of alcohol. The Defendant observed a YouTube video depicting a confrontation between members of a synagogue in California and a YouTube personality of whom the Defendant is a fan. Feeling angered by the confrontation, and wanting to retaliate on behalf of the YouTube personality, the Defendant searched the internet to find contact information for the synagogue. The Defendant called the publicly-accessible phone number for the synagogue. A voicemail program answered. The Defendant left a voicemail saying "I'm coming for you kikes. You're all gonna pay. Bye bye kikes. Bye bye kikes. I'm gonna kill you all." "Kike" is a derogatory term for a Jewish person.

When confronted by police, the Defendant first denied leaving the voicemail, but, ultimately, admitted to the action and denied any intent to carry out threats. The Government has found no evidence that the Defendant has any prior relationship with the synagogue nor congregants. Nor is there any indication that the Defendant generally harbors ill-will toward any of the victims specifically, nor Jewish people in general. There appears to be no evidence that the Defendant intended to, nor planned to, carry out any violence.

---

[1] The Defendant prefers female pronouns but continues to use her given name as reflected in the caption of this case.
U.S. v. Norris
3:20-cr-81-1-JMK

B. **(a)(2): Needs of the sentence**

In this case, the most important sentencing factors appear to be providing the Defendant with medical care in the most effective manner so as to adequately deter the Defendant from similar actions in the future. Further, because the Defendant sought to interfere with protected Constitutional behavior (*i.e.* religious expression), it is important for the sentence to reflect the seriousness of the offense.

C. **(a)(3): Kinds of sentences available**

Probation is authorized for this offense under 18 U.S.C. § 3561.

D. **(a)(4): Sentencing range**

The PSR (Dkt. 45) identifies the guideline range as 8-14 months. The Government does not dispute this calculation.

E. **(a)(6): Need to avoid unwarranted disparity**

Like the PSR writer (*see* PSR at Dkt. 45, page 3), undersigned is unaware of a similarly-situated defendant to whom to compare this Defendant, particularly consider the Defendant's personal history and motivation.

F. **(a)(7): Need for Restitution**

The Government requests the Court order the Defendant to pay $19,000.00 in restitution to the victim.

III. **PROPOSED SPECIAL CONDITIONS OF PROBATION**

The Government recommends the Court impose all the conditions recommended in the PSR.

U.S. v. Norris
3:20-cr-81-1-JMK

3

> [D]istrict courts may impose conditions of supervised release if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary. These conditions must be tailored to the defendant's offense, personal history and characteristics.

*United States v. Ochoa*, 932 F.3d 866, 870–71 (9th Cir. 2019).

## IV. <u>VICTIM IMPACT STATEMENT</u>

The president of the synagogue's congregation has been the primary point of contact for the U.S. Attorney's Office regarding the victim's rights. The president has advised that the attached statement by the Anti-Defamation League Pacific Northwest will serve as the victim's impact statement regarding sentencing.

## V. <u>CONCLUSION</u>

The United States respectfully proposes the Court impose the sentence described above.

RESPECTFULLY SUBMITTED August 16, 2021, in Anchorage, Alaska.

> E. BRYAN WILSON
> Acting United States Attorney
>
> s/ Jonas M. Walker
> JONAS M. WALKER
> Assistant U.S. Attorney
> United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, a true and correct copy of the foregoing was served electronically on the following:

Jane Imholte

s/ Jonas M. Walker
Office of the U.S. Attorney

U.S. v. Norris
3:20-cr-81-1-JMK